Caree Harper SBN 219048
LAW OFFICES OF CAREE HARPER
The Howard Hughes Center
6601 Center Drive West Suite 500
Los Angeles, CA 90045
(213) 386-5078 Tel.
Email: *inyourdefense@aol.com*

John L. Burris SBN 69888
LAW OFFICES OF JOHN L. BURRIS
7767 Oakport St. Suite 1120
Oakland, CA 94621
(510) 839-5200 Tel.
Email: *john.burris@johnburrislaw.com*

Attorneys for PLAINTIFF MARLENE M. PINNOCK

## UNITED STATES DISTRICT COURT
## IN THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLENE M. PINNOCK,<br><br>          PLAINTIFF,<br>     vs.<br><br>CHP OFC. "JOHN DOE", CHP COMMISSIONER JOSEPH FARROW, individually & in their official capacities as peace officers & DOES 2-10 individually & in their official capacities as peace officers.<br><br>          Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. CIVIL RIGHTS VIOLATIONS:**<br>    (Per 42 U.S.C. § 1983):<br>**2. *MONELL* ALLEGATIONS**<br>**3. *RALPH* ACT**<br>**4. *BANE* ACT**<br><br>***JURY TRIAL DEMAND*** |

1

PLAINTIFF alleges:

## I.  JURISDICTION AND VENUE

1.      Jurisdiction is vested in this Court under 28 U.S.C.  §1343 (3)(4) for the violation of the 1971 Civil Rights Enforcement Act, as amended, including 42 U.S.C Sections 1983, 1331 and 1367 (a).

2.      Venue is proper in Central District of California and the County of Los Angeles under 28 U.S.C. §1391 (b).

## II.  ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

3.      This action at law for money damages arises under Title 42 U.S.C. Sections, 1983 and 1988 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of authority, state law of rights, privileges and immunities secured to PLAINTIFFs by said statutes, and by the Fourth, and Fourteenth Amendments of the United States Constitution.

## III.  PARTIES

4.      At all times herein mentioned, PLAINTIFF MARLENE M. PINNOCK is, an African American female and at all relevant times a resident in the County of Los Angeles, California.

5.      Defendant, CHP OFC. "JOHN DOE" (hereinafter "DEFENDANT DOE 1") was and is at all relevant times a sworn traffic officer with the California Highway Patrol.

6.      Defendant CHP COMMISSIONER JOSEPH FARROW (hereinafter: "FARROW" or "DEFENDANT COMMISIONER", was  and is at all relevant times the Commissioner of the California Highway Patrol, and a sworn traffic officer with supervising and policy making authority at the California Highway Patrol (hereinafter "CHP").  FARROW has possessed and continues to possess the power and authority to adopt policies and prescribe rules, regulations and practices

CIVIL RIGHTS COMPLAINT FOR DAMAGES

affecting the operation of the CHP, and particularly said Department's Patrol, Internal Affairs Investigations, Training Divisions, tactics, methods, practices and other operations and subdivisions presently unidentified to the PLAINTIFF.

7.     At all times herein mentioned, DOES 2 through 10 were and now are, duly appointed and acting CHP traffic officers or possibly Los Angeles County Sheriff's deputies.  In performing the acts hereafter described, defendants, each of them, were acting in their capacity as peace officers and in performing the acts hereinafter described, acted within the course and scope of their employment.

8.     PLAINTIFF is ignorant as to the true names of the DOE defendants.  Once PLAINTIFF learns the names of the DOE defendants, she will seek leave to amend this Complaint to identify the DOE defendants.  Each of the DOE defendants are sued in their individual and official capacities.

9.     Each of the acts complained of herein was taken, and each violation of PLAINTIFF'S rights occurred, pursuant to the policies, practices and/ or customs of the **DEFENDANT CHP COMMISSIONER FARROW** (hereinafter "COMMISSIONER"), each act complained of was approved, condoned and/ or ratified by the person of authority: the defendant COMMISSIONER and possibly others.

10.     In committing each of the violations of law complained of herein defendants, their agents and employees were acting under color of law.  The acts complained of were willful, wanton, malicious and displayed a conscious disregard of, and in deliberate indifference to PLAINTIFFs' constitutional rights.

## V.   STATEMENT OF FACTS

11.     The PLAINTIFF asserts that on or about July 1, 2014, Eye-witness 1 (hereinafter: "WIT 1") was driving on the I-10 freeway and witnessed the actions of PLAINTIFF and "DEFENDANT DOE 1" while travelling with passengers Male Eye-witnesses 2 and Female Eyewitness 3 (hereinafter: "WIT 2" & "WIT3").

3

**12.     DEFENDANT CHP OFC. "DOE 1":**

WIT 1 stated that he saw the plaintiff on the shoulder of the La Brea off-ramp exiting when she was seemingly summons by DOE 1.   Based on what DOE 1 said to PLAINTIFF as she walked in the direction of DOE 1.  DOE 1 stated further words to the PLAINTIFF which caused her to fearfully walk swiftly around a Red Ford F-150 truck.  WIT 1 then began filming DOE 1 & the PLAINTIFF going around the stationery red truck with his camera phone.

WIT 1 then observed the PLAINTIFF walk away followed by the officer who forcefully took her to the ground.  WIT 1 is heard on the raw footage of the video saying "He's going to arrest her."  However, immediately after that statement DEFENDANT DOE 1 seen on video exacting forceful rapid blows to the head, face and shoulder area of the PLAINTIFF.  After the first blow WIT 1 says, "Oh shit!"; WIT 2 then says, "He's beating her up, yo!"; followed by WIT3 who said, "Oh my gosh, why?".

WIT 1 stated that he never saw the PLAINTIFF spit, punch, or do anything aggressive prior to or during the filming of the incident.

The PLAINTIFF asserts that she was a victim of 10- 15 unprovoked vicious blows from the officer while straddling her and made no attempt to arrest her during the attack.  She further asserts that his clear intent was to beat her with such force that could have resulted in her death and is tantamount to attempted murder.  The video depicts parts of the PLAINTIFF'S dress being ripped off her person by the officer's blow, along with her dignity being ripped away as his straddling technique exposed her buttocks to passersby.

The PLAINTIFF further asserts that the officer wrote a false report to cover up the beating and to portray the victim/PLAINTIFF as the suspect/aggressor.

PLAINTIFF believes and asserts that the officer intentionally lied about her injuries and he, along with other DOE defendants, concealed at the USC Medical Center on Mission Street and subsequently transferred her to a mental

facility when the video went "viral".  DEFENDANT DOE 1 and others are believed to have concealed her under numerous aliases to delay anyone from discovering the deception.

**13. DEFENDANT CHP COMMISSIONER  JOSEPH FARROW:**

On July 16, 2014, Defendant CHP COMMISSIONER FARROW could not (or would not) confirm a search warrant that produced private and privileged communications by the PLAINTIFF between herself and her legal counsel and her physicians.   Defendant CHP COMMISSIONER FARROW stated to the Associated Press that, "I think what they're trying to do is, **they don't have a statement from her**, and they're trying to find that out...I don't think the CHP is trying to put her on trial or make it an issue about her.  What I'm looking at is entirely about the circumstances, we all saw what happened.  Our job is to find out the why and the how."   The misuse of a <u>felony search warrant</u> to obtain a "statement from her" constitutes an intentional misrepresentation to a Superior Court Judge and is perjury.  By his own admission, Defendant **CHP COMMISSIONER FARROW** ratified the actions of DOE CHP Defendant(s) who served the overbroad felony search warrant that should have by quashed by L.A. County Counsel.  Defendant CHP COMMISSIONER FARROW'S statement that the CHP is not making it "an issue ***about her***" is indirect contradiction to the sworn statements used to obtain all doctors notes ***about her*** , all communications to her doctors ***about her***, all visitors to see ***her***, and the seizure, or rather theft of ***her clothing***.  How was her clothing part of an alleged felony.  Clearly that representation in the search warrant was to take position of evidence that relates directly to the inevitable civil rights lawsuit, specifically her shredded dress can serve no purpose in a criminal investigation against her, and if in fact it is for a criminal investigation against the PLAINTIFF OR DOE DEFENDANT 1 why was it not retain upon her initial booking or admission to the first hospital?  PLAINTIFF asserts that everything about the felony search

warrant was explicitly about *"her"*... the publicly humiliated and beaten grandmother, the victim, PLAINTIFF Marlene Mardella Pinnock.  The statements of Defendant CHP COMMISSIONER FARROW are disingenuous as he ratified the actions of the DOE Defendants by lying and having a felony search warrant issued for PLAINTIFF'S clothes and medical records.

A Governmental Tort claim has been transmitted in connection with this matter.

**FIRST CAUSE OF ACTION:**
**(VIOLATION OF FEDERAL CIVIL RIGHTS 4TH AMENDMENT**
**VIOLATIONS: EXCESSIVE FORCE, CONSPIRACY, ASSAULT,**
**BATTERY, DUE PROCESS VIOLATIONS/**
**DENIAL OF MEDICAL CARE  42 U.S.C. § 1983)**
**(Against Individual Defendants and Does 1-10)**

14.    PLAINTIFF restates and incorporates by reference the foregoing paragraphs of this complaint as if set forth in full to this point. This action at law for money damages arises under Title 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to PLAINTIFF by said statutes, and by the United States Constitution.

15.    Commencing at or about the aforementioned date and place, Defendant CHP DOE 1, without lawful cause or justification, and acting under color of law, intentionally, maliciously seized, assaulted, and battered the PLAINTIFF, causing her to be wounded and humiliated.

16.    PLAINTIFF alleges that she feared for her life and that the viciousness in which she was beaten could have resulted in her death.

17.    PLAINTIFF alleges that she was touched in an unlawful and non-consensual manner.

18.    All individual defendants conspired to suppress these facts, and all individual defendants denied and/ or delayed medical attention.

19.     Each of the individual defendants acted in concert, acted without authorization of law, and each of the individual defendants, separately and in concert, acted willfully, knowingly and with reckless disregard and deliberate indifference to the known consequences of their acts and omissions and purposefully with the intent to deprive the PLAINTIFF of her federally protected rights and privileges and did, in fact, violate those rights and privileges, entitling PLAINTIFF to punitive damages in an amount to be proven at trial.

20.     As a direct and proximate result of the aforementioned acts, omissions, customs and practices of the defendants, PLAINTIFF have suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, and embarrassment.

21.     As a proximate result of the aforementioned conduct of defendants, PLAINTIFF sustained severe emotional injuries and required emotional treatment, and have incurred and will continue to incur medical expenses for said therapy in an amount according to proof at trial.

22.     The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress the PLAINTIFF with conscious disregard of  the PLAINTIFF'S constitutional rights and by reason thereof, PLAINTIFF seeks punitive and exemplary damages from Defendants, and each of them, in an amount to be proven at trial.

23.     As a direct and proximate result of the foregoing, PLAINTIFF haS been damaged as recited above and demand and are entitled to the damages, including, but not limited to, general and punitive damages and attorney's fees.

### SECOND CAUSE OF ACTION:
### *MONELL* ALLEGATIONS
### (Against Defendant CHP COMMISSIONER JOSEPH FARROW)

24.     PLAINTIFF restates and incorporates by reference, as though fully

set forth herein, the allegations contained in paragraphs above.

25.   Prior to July 1, 2014, the DEFENDANT COMMISSIONER developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of the citizens in the State of California who were victims of excessive force.  DEFENDANT COMMISSIONER ignored complaints of malfeasance and actively covered up for his traffic officers thereby ratifying their unconstitutional unlawful acts.

26.   Plaintiff further alleges that DEFENDANT COMMISSIONER has in the past and continues to knowingly ratify the unconstitutional actions of his traffic officers by shifting the blame to the victim of excessive force, misusing the criminal justice system to obtain priviledged and private information to discredit said victims or circumvent the discovery rules in civil rights violation matters.

27.   Plaintiff further asserts that DEFENDANT COMMISSIONER knowingly allows his subordinates and public relations personnel (in the instant case Asst. Chief Chris O'Quinn) to intentionally disperse false information to cover for officers wrong doing.

28.   Instead of doing a real investigation into DEFENDANT officers wrongdoing, DEFENDANT COMMISSIONER'S policy and practice is to quash the community uproar with untruths, delay tactic, and in this case literally hiding the victim under several aliases.

29.   PLAINTIFF  believes and asserts that it was and still is the policy and/or custom of the California Highway Patrol to inadequately and improperly investigate citizen complaints of police misconduct, and said activity is at the behest of DEFENDANT CHP COMMISSIONER FARROW.

30.   As a result of the above described policies and customs, the CHP traffic officers, including the DEFENDANT officers, believed that their actions would be ignored, approved and ratified supervisors and that misconduct and excessive force would not be investigated or sanctioned, but would be tolerated.

PLAINTIFF'S assertion is punctuated by the fact that she was beat and viciously punched 10-15 times in broad daylight with multiple witnesses passing by on a major freeway and yelling as the traffic officer exacted blow after blow on the victim -grandmother.

## THIRD CAUSE OF ACTION:
## VIOLATION OF THE *RALPH* CIVIL RIGHTS ACT
### (Against DOE 1)

32.    PLAINTIFFs restate and incorporate by reference, as though fully set forth herein, the allegations contained in paragraphs above.

33.    On or about the above stated dates, and sometime prior thereto, Defendants and each of them violated PLAINTIFF's civil rights, guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California thereby violating California Civil Code Sections 51.7.

34.    As a proximate result of the aforementioned acts of Defendants, and each of them, PLAINTIFF suffered damage in a sum according to proof, and is entitled to the damages, statutory damages, treble damages, attorney's fees and costs provided for by the Civil Code.

## FOURTH CAUSE OF ACTION:
## VIOLATION OF THE *BANE* CIVIL RIGHTS ACT
## (Against Defendant DOE 1)

35.  PLAINTIFFs restate and incorporate by reference, as though fully set forth herein, the allegations contained in paragraphs above.

36.    On or about the above stated dates, and sometime prior thereto, Defendants and each of them violated PLAINTIFF's civil rights, guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California thereby violating California Civil Code Section, and

52.1(a) and (b).  Defendants completed acts that interfered with her Constitutional right to be free from excessive force.  As a proximate result of the aforementioned acts of Defendants, and each of them, PLAINTIFF suffered damages in a sum according to proof, and is entitled to the damages, statutory damages, treble damages, attorney's fees and costs provided for by Civil Code sections 52 and 52.1.

## PRAYER FOR RELIEF

Wherefore, PLAINTIFF prays for relief as follows:

1.   For special and general damages in an amount to be determined pursuant to 42 U.S.C. Section 1988.

2.    For compensatory and punitive damages, as permitted by law and according to proof at trial;

3.   For costs of suit;

4.   For attorneys fees;

5.   For such other relief as this Court deems just and proper.


Dated: July 17, 2014                         Respectfully submitted,
                                             LAW OFFICES OF CAREE HARPER
                                             LAW OFFICES OF JOHN L. BURRIS


                                    By: _/s/ Caree Harper_____
                                             Caree Harper
                                             Attorney for PLAINTIFF

CIVIL RIGHTS COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

PLAINTIFFs hereby demand a trial by jury as to all issues and claims for relief.

Dated:  July 17, 2014              Respectfully submitted,
                                    LAW OFFICES OF CAREE HARPER
                                    LAW OFFICES OF JOHN L. BURRIS

                                    By: /s/ *Caree Harper*
                                         Caree Harper
                                         Attorneys for PLAINTIFF

CIVIL RIGHTS COMPLAINT FOR DAMAGES