O

# United States District Court
# Central District of California

| | |
|---|---|
| MARLENE M PINNOCK,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN DOE; CHP COMMISSIONER JOSEPH FARROW; C.H.P. OFC.D. ANDREW #20470; C.H.P. INVESTIGATOR S. TAKETA #16454; DOES 2–10,<br><br>    Defendants. | Case № 2:14-cv-05551-ODW(ASx)<br><br>**ORDER STRIKING DEFENDANT SEAN TAKETA'S JOINDER IN DEFENDANT JOSEPH FARROW'S APPLICATION TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL FOR IN CAMERA REVIEW [24]** |

Amid a flurry of dismissal motions, it appears that Defendants may have flouted the Local Rules and this Court's own rules and procedures.  On August 19, 2014, Defendant Sean Taketa moved to dismiss Plaintiff Marlene M. Pinnock's Complaint. (ECF No. 25.)  On the same day, Defendant Joseph Farrow filed a Notice of Manual Filing, alerting the Court and parties that he ostensibly seeks to have a document filed under seal for in camera review—though such a combined concept does not exist. (ECF No. 23.)  To make matters worse, Taketa filed a putative motion seeking to join in the Notice of Manual Filing—again, an unnecessary and incorrect procedural step. (ECF No. 24.)

The Court will wait to receive the documents that Farrow manually filed to determine whether it should strike the Notice of Manual Filing for violating the Local Rules and this Court's own rules. The Court reminds that parties that as the Court altered them to in docket entry 9, this Court is participating in an under-seal-filing pilot program. There are specific requirements parties must comply with to request the Court to file documents under seal. *See* http://tiny.cc/ODW_Under_Seal_Procedures.

But regardless, when a party seeks to join in another party's motion, request, application, or similar document, the joining party need not file his or her own motion. Filing a motion invokes a very specific set of filing consequences through CM/ECF and causes the Clerk and Court to waste time in having to correct the error. The filing party should search for the correct event, which is "Notice of Joinder." While a joinder-motion event does exist, that is an entirely different creature invoking procedural joinder under Federal Rule of Civil Procedure 20—something wholly inapplicable here.

The Court accordingly **STRIKES** Taketa's Motion for Joinder (ECF No. 24) **WITHOUT PREJUDICE**. Taketa may properly file a "notice of joinder" by selecting the correct filing event. The Court admonishes all parties to review the Local Rules and this Court's own rules before filing any more documents. Further violations may subject the parties or their counsel to monetary or other sanctions within this Court's discretion under Local Rule 83-7.

**IT IS SO ORDERED.**

August 20, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**