O

# United States District Court
# Central District of California

| | |
|---|---|
| MARLENE M PINNOCK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE; CHP COMMISSIONER JOSEPH FARROW; C.H.P. OFC.D. ANDREW #20470; C.H.P. INVESTIGATOR S. TAKETA #16454; DOES 2–10,<br><br>　　　　　Defendants. | Case № 2:14-cv-05551-ODW(ASx)<br><br>**ORDER GRANTING STIPULATION TO DISMISS CLAIMS FOR RELIEF AS TO THE *MONELL* ALLEGATION AGAINST DEFENDANT JOSEPH FARROW IN HIS OFFICIAL CAPACITY [26]** |

　　　　On August 20, 2014, Plaintiff Marlene M. Pinnock and Defendant Joseph Farrow filed a rather incomprehensible Stipulation and [Proposed] Order re Dismissal of Claims for Relief as to the *Monell* Allegation Against Defendant Joseph Farrow in His Official Capacity. (ECF No. 26.) From what the Court can glean from the document, Pinnock agreed to just excise her *Monell* claim from her First Amended Complaint, leaving everything else intact.

　　　　Pinnock and Farrow indicate that they arrived at this stipulation following the counsel of parties required by Local Rule 7-3. But the whole point behind Rule 7-3 is for parties to resolve their disputes before seeking relief from the Court. By

"stipulating" to dismissal of one claim now after several motion to dismiss and strike have been filed, Pinnock and Farrow have only compounded the problems—not lessened them. Pinnock should have amended her complaint to remove the *Monell* allegations as permitted by Federal Rule of Civil Procedure 15(a)(1)(B), which would have mooted Farrow's arguments with respect to this claim.

But instead of subjecting counsel for all Defendants to submitting modified motions after Pinnock were to file an amended complaint, the Court instead will dismiss the *Monell* claim via Farrow's Motion to Dismiss once the Court ultimately rules upon that Motion. The Court expects Pinnock to address this Stipulation where necessary in her oppositions to the pending motions.

The Court accordingly **GRANTS** the parties' Stipulation. (ECF No. 26.) As the Court stated earlier today, the parties and counsel have a duty to comply with all applicable rules. The Court will expect strict compliance with Local Rule 7-3 in the future and will not accommodate further procedural blunders.

**IT IS SO ORDERED.**

August 20, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**