O

# United States District Court
# Central District of California

| | |
|---|---|
| MARLENE M PINNOCK,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN DOE; CHP COMMISSIONER JOSEPH FARROW; C.H.P. OFC.D. ANDREW #20470; C.H.P. INVESTIGATOR S. TAKETA #16454; DOES 2–10,<br><br>    Defendants. | Case № 2:14-cv-05551-ODW(ASx)<br><br>**ORDER DENYING APPLICATION TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL [28]** |

*"A popular Government, without popular information, or the means of acquiring it, is but a Prologue to a Farce or a Tragedy; or, perhaps both."*

*—Letter from James Madison to William T. Barry, Ky. Lieutenant Governor (Aug. 4, 1822).*

On August 20, 2014, Defendant Joseph Farrow filed an Application to File Confidential Documents Under Seal. (ECF No. 28.) Defendant Sean Taketa joined in the request. (ECF No. 29.) Farrow and Taketa seek to seal a search warrant and affidavit written by Taketa approved by a Los Angeles County Superior Court judge

1  on July 14, 2014. They contend that these documents contain information pertaining
2  to an ongoing criminal and administrative investigation and that the Superior Court
3  judge ordered that the documents remain confidential. They also assert that California
4  Evidence Code section 1040 and Government Code section 6254 preclude disclosure
5  of the warrant and accompanying affidavit.

6  The United States Supreme Court has recognized that it is "clear that the courts
7  of this country recognize a general right to inspect and copy public records and
8  documents, including judicial records and documents." *Nixon v. Warner Commc'ns,
9  Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). Similarly, the Ninth Circuit stated
10 that there is a "strong presumption in favor of access to court records." *Foltz v. State
11 Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). In order to override
12 this weighty presumption, a party must demonstrate "sufficiently compelling reasons"
13 for sealing the documents. *Id.* Any request "must articulate compelling reasons
14 supported by specific factual findings" why each individual exhibit merits filing under
15 seal. *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A
16 court will then balance the public's interest in accessing these documents with the
17 confidentiality and potential for misuse of the information. *Hagestad v. Tragesser*, 49
18 F.3d 1430, 1434 (9th Cir. 1995).

19 In this instance, the scales are closely balanced. On one hand, it is beyond cavil
20 that California officials must have some degree of secrecy surrounding their criminal
21 investigations in order to properly effectuate their job. The Superior Court judge also
22 reasoned that "the information contained in [the] application and Affidavit, if made
23 public, would jeopardize the safety of the office and his family."

24 But on the other hand, the public has a compelling First Amendment interest in
25 having access to this and all other information surrounding this civil case. The Court
26 has extensively reviewed the search warrant and affidavit and sees no information that
27 could jeopardize the officer's safety or the ongoing investigations. Pinnock's First
28 Amended Complaint already identifies most of the information, such as the alleged

facts surrounding Defendant Andrew's use of force. Vague references to "safety" and "ongoing investigations" alone are not dire enough to lock tight the Court's files and cut off the public's access to these documents. This nation's courts remain open for any person—litigant or otherwise—to enter its halls, inspect its records, and see justice being done. The Court finds that Farrow and Taketa have not carried their burden of demonstrating sufficiently necessary reasons for denying the public that access.

The Court accordingly **DENIES** the Application to File Confidential Documents Under Seal. (ECF No. 28.) The Court orders Farrow to file the documents on the public docket. But the Court also notes that the search warrant and affidavit contain repeated references to Pinnock's full date of birth. Farrow must redact her birth year per Federal Rule of Civil Procedure 5.2(a)(2) prior to filing the documents.

**IT IS SO ORDERED.**

August 21, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**